# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 1:18-CR-00675-SO** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE SOLOMON OLIVER, JR.** |
| | ) | |
| vs. | ) | |
| | ) | |
| **JEFFREY A. HAPPEL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

Now comes Defendant, Jeffrey Happel, by and through his duly authorized counsel, Patrick M. Farrell, and does hereby submit the following sentencing memorandum for this Court's review and consideration.

Respectfully submitted,

/s/ Patrick M. Farrell
PATRICK M. FARRELL (0011362)
Attorney for Defendant, Jeffrey Happel
PATRICK M. FARRELL CO., L.P.A.
600 E. Granger Rd., Second Floor
Brooklyn Heights, Ohio 44131
Ph: 216-661-5050    Fx: 216-771-3387
pmf@patfarrelllaw.com


/s/John Gibbons
John Gibbons
55 Public Square
Suite 2100
Cleveland, OH 44113
216-363-6086 f-216-363-6075
jgibbons4@sbcglobal.net

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing Sentencing Memorandum has been forwarded to all parties via this Court's electronic filing system, on this 30th day of July, 2019.

        /s/ Patrick M. Farrell
        PATRICK M. FARRELL (0011362)
        Attorney for Defendant, Jeffrey Happel
        PATRICK M. FARRELL CO., L.P.A.

        /s/John Gibbons
        John Gibbons
        Attorney for Defendant, Jeffrey Happel

**MEMORANDUM IN SUPPORT**

I.      **STATEMENT OF FACTS**

Jeffrey A. Happel (Hereafter "Happel") was charged in 1:18-CR-00675-SO in a two count indictment filed in the Northern District of Ohio. On April 17, 2019 Mr. Happel pled open and was found guilty of Counts 1 and 2 with forfeiture specifications. Sentencing is scheduled for October 23, 2019. Mr. Happel in filing this sentencing memorandum would like to provide the court with additional information regarding his limited participation in the acts in which he has accepted responsibility as it pertains to the charges outlined above.

**STANDARD OF REVIEW**

**A. Blakely-Booker**

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in *Blakely* and the sentences imposed pursuant to the Federal Sentencing Guidelines in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in *Apprendi*, the Court concluded that:

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. Id. at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. 3553(b)(1) or which rely upon the Guidelines' mandatory nature, 18 U.S.C. 3742(e), incompatible with its

Sixth Amendment holding.  *Booker*, 125 S. Ct. at 756.  Accordingly, the Court severed and excised those provisions, mak[ing] the Guidelines effectively advisory. Id. at 757. Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *Booker*, requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see 3553(a).  *Booker*, 125 S. Ct. at 757.  Thus, under *Booker*, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2.  Section 3553(a)(2) states that such purposes are:

> (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)    to afford adequate deterrence to criminal conduct;
> (C)    to protect the public from further crimes of the defendant; and
> (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, 3553(a) further directs sentencing courts to consider the following factors:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant §3553(a)(1);
> 2) the kinds of sentences available § 3553(a)(3);
> 3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct § 3553(a)(6); and
> 4) the need to provide restitution to any victims of the offense.  § 3553(a)(7).

Other statutory sections also give this Court direction in sentencing.  Under 18 U.S.C. 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. ' 3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. 5H1.

The directives of *Booker* and 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be inconsistent with the holdings of <u>Booker</u>, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in *Booker*, directing courts to consider all of the 3353(a) factors, many of which the guidelines either reject or ignore. *United States v. Ranum*, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives "heavy weight to the guideline range" comes perilously close to the mandatory regime found to be constitutionally infirm in *Booker*. *United States v. Jaber*, 2005 WL 605787 *4 (D. Mass. March 16, 2005) (Gertner, J.). <u>See also</u> *United States v. Ameline*, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), 401 F.3d 1007 (9th Cir. 2005).

Justice Scalia explains the point well in his dissent from *Booker's* remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. *Booker*, 125 S. Ct. at 791 (Scalia, J., dissenting in part).

Likewise, if the remedial majority thought the guidelines had to be given heavy weight, its opinion would have said so. The remedial majority clearly understood that giving any

special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider <u>all</u> of the 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in 3553(a), these statutory sentencing factors should generally trump the guidelines. <u>See</u> *United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since '3553(a) the court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

## II.     FEDERAL SENTENCING GUIDELINES

Jeffrey Happel pleaded guilty to one count of Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance, in violation of 21 U.S.C. §846, 21 U.S.C §841(a)(1) and 21 U.S.C. §841(b)(1)(C) and one count of Possession with Intent to Distribute a Controlled Substance, in violation of 21U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) with forfeiture specifications from September 2018 to October 11, 2018. This Court must now determine a sentence for that offense that is "sufficient, but not greater than necessary" to achieve the goals of sentencing set forth by Congress in 18 U.S.C. § 3553(a). The probation officer's presentence report suggests an advisory guideline range of offensive base level 25 after the adjustment for acceptance of responsibility in accordance with USSG §3E1.1(a) and (b) and for Specific Offense Characteristics in accordance with USSG §2D1.1(b)(18) and§5C 1.2. The

probation officer then went on to determine 0 criminal history points, indicating criminal history category I as a result of his lack of criminal history.

Mr. Happel would suggest that the advisory guideline range is significantly higher than necessary to arrive at a sufficient sentence. On behalf of Mr. Happel, the fact that he has no prior convictions which resulted in his criminal history computation of zero, the fact that he was gainfully employed, had only participated in one instance, Mr. Happel is requesting that this court consider sentencing him outside the guidelines. In *U.S. v. Kamper*, 784 F.3d 728, the 6th Circuit Court of Appeals noted in its fourth footnote that "In 2012 only 27.9% of judges who sentenced MDMA offenders gave within-guidelines sentences. U.S. Sentencing Commission's Interactive Sourcebook, Sentences Relative to the Guideline Range for Drug Offenders in Each Drug Type." As should be the case for the within matter, Mr. Happel should be sentenced to a lesser time than is recommended in the Sentencing Guidelines.

Additionally, there has been a recent push to reduce the marihuana sentencing ratio for MDMA down from 500:1 as it is not as dangerous as other drugs with lesser ratios. In *U.S. v. McCarthy 09 Cr. 1136* (WHP) (S.D.N.Y. May. 19, 2011), the Court deviated downward from the marijuana sentencing ratio for MDMA to 200:1, given the evidence that MDMA was less harmful than cocaine. Mr. Happel would suggest a further downward deviation from the 200:1 level based upon additional research and evidence provided to the United States Sentencing Commission on August 7, 2017 from the Federal Defender Sentencing Guidelines Committee. The Committee submitted studies that indicated that the risk ratio of an emergency room episode for MDMA was comparable to that of marihuana rather than cocaine which carries risk ratio more than ten times that of MDMA and marijuana despite having a lesser marihuana sentencing ratio of 200:1.

The Committee goes on to show that MDMA also has a lower toxicity level and individual disease burden compared to that of cocaine and crack cocaine, while having a similar toxicity to that of cannabis and a lesser disease burden than cannabis according Jan GC van Amsterdam et al., *Ranking the Harm of Alcohol, Tobacco and Illicit Drugs for the Individual and the Population*, 16 Eur. Addiction Research 202 (2010). On page eight of the letter, they state:

> Although less than ideal for the purposes of sentencing policy making, drug harm rankings using a variety of methods have been developed by the United Nations,[18] and by researchers in Australia,[19] New Zealand,[20] Canada,[21] Scotland,[22] the Netherlands, and the United Kingdom.[23] Only some of these have compared MDMA to other drugs, but those that do have consistently found MDMA to be less harmful to individuals and to society than other major drugs of abuse.[24]

Furthermore, Chart 5 on page 13 shows that sentencing for MDMA is treated more severely than other drugs including, Heroin, Powder Cocaine, Meth Mix, LSD and PCP when comparing sentencing to the number of doses that receive the same sentences. "A striking feature of the punishments recommended for different drugs is that they do not appear to closely track the rankings of drug harms reviewed earlier. Marihuana, the least severely punished drug on a per-dose basis, did indeed rank at or near the bottom of several types of direct harm. But MDMA/Ecstasy, which also ranked low, is among the most severely punished drugs."

The Commission in 2001 also classified the drug as a hallucinogenic; however that is not the case. "One of the reasons the Commission gave in 2001 for choosing to treat MDMA more harshly than cocaine was that "MDMA acts as both a stimulant and a hallucinogen."[64] That conclusion is not supported by expert testimony. Dr. Halpern, a psychiatrist with expertise in hallucinogens, explained that MDMA does not produce the same hallucinogenic effects as drugs like LSD or mescaline.[65] A government expert, Dr. Parrott, agreed with Dr. Halpern that MDMA's hallucinogenic effects "are really quite mild" and testified that MDMA should be characterized as a "stimulant and engergetic stressor rather than hallucinogen."[66]

Evidence was also presented that the neurotoxicity of MDMA was not nearly as harmful as previously provided to the 2001 Commission. "Research provided to the Commission by Dr. Doblin shows that MDMA can have positive effects on mental health."[49] And studies since 2001 have shown that MDMA's impact on cognitive functioning is not nearly what the Commission concluded when it adopted the 1:500 ratio. For example, a 2011 study assessing the cognitive function of ecstasy users "found little evidence of decreased cognitive performance in ecstasy users,"[50]" It is clear from the reports of researches and experts regarding drug use and MDMA that Mr. Happel should not be sentenced according to the 500:1 ratio and should be sentenced at a ratio more similar to that of marihuana of 1:1 or at the very worst sentencing him according the pre-2001 35:1 ratio.

Additionally, the defendant is qualified for the safety valve exception as is outlined in 18 U.S.C. § 3553(f), which permits the court to disregard the statutory minimum sentence in regards to Mr. Happel.  The defendant in the within matter is the exact type of person the Sentencing Commission intended to protect from mandatory minimum sentences and for whom the commission has requested that Congress expand the safety valve.  Mr. Happel is a low-level, nonviolent, cooperative defendant with no prior criminal history.

In the within matter, Mr. Happel satisfies the five criteria for the safety valve exception. Mr. Happel has no criminal history; he was not the leader, organizer, or supervisor in the commission of the offense; he did not use violence in the commission of the offense; the offense did not result in serious injury; and he has proffered a statement and told the government everything that he knows of his offense and any related misconduct.  The U.S. Attorney's office may suggest that Mr. Happel was the leader in the commission of the offense, however, that is

not the case.  As a result of Mr. Happel's substance abuse, depression, and debt, he was coerced and threatened into purchasing the drugs to alleviate debt.

In considering sentencing, the Court may consider the defendant's personal history, his prognosis, his willingness to change and the lack of threat of danger as indicators that Mr. Happel can prove to be a useful member of society and that an unduly lengthy term of imprisonment would undermine the ability of Mr. Happel integrating back into society.

### Defendant's Personal History and Characteristics

Mr. Jeffrey Happel is the 29-year-old male who resides in Lakewood, Ohio.  The defendant's mother is a retired school teacher, and his father is employed as a mechanical engineer.  Mr. Happel has never been married and has not fathered any children.  None of Mr. Happel's immediate family or girlfriend have criminal records.

Mr. Happel had been employed by the Norris Brothers Construction, Inc., as a millwright from 2009 to 2018. His employment was terminated due to his arrest in the instant case. Mr. Happel was earning $32.00 per hour at the time of his termination.  Mr. Happel has been apprised by his supervisor that upon his release from federal custody, the Norris Brothers Construction, Inc. would be willing to re-hire him.  Additionally, Mr. Happel is interested in participating in vocational training provided by the Federal Bureau of Prisons in order to obtain his Commercial Driver's License.

After a period of time, Mr. Happel started misusing substances of abuse prior to his arrest in the within matter.  His addiction resulted in significant drug related debt.  He was being threatened for payments on that debt.  As a result, he fell into a deep depression and was suffering and treated for anxiety and felt that the only way out was for him to purchase the MDMA.  Mr. Happel went online and discovered that he could purchase that substance in the

hopes that he could obtain and provide this substance so as to pay off his debts and hopefully reduce his depression and anxiety that he had been suffering.   He chose this particular drug in particular due to its non-addictive qualities.  The depression and anxiety soon took a turn for the worse once he participated in the purchase and awaited delivery of the package.  Mr. Happel is aware that he has made a horrible, life-changing decision and is aware that his life may have been saved as a result of being caught.

Even the correctly calculated advisory guideline range yields a sentence that is greater than necessary in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). Following *United States v. Booker*, the imprisonment ranges in the guidelines must be considered in selecting the sentence, but the Court may "tailor the sentence in light of other [§ 3553] concerns as well." 125 S. Ct. 738, 757 (2005). Defendant submits that several of the § 3553(a) factors support a sentence below that suggested by the advisory guidelines.

Section 3353 calls for consideration of the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Mr. Happel is a man, who successfully graduated from Bay Village High School in 2008;  received a welding certificate from the Lorain County Joint Vocational School in Oberlin Ohio; and completed a four-year apprenticeship in 2013 with the Ohio Carpernter's Joint Apprenticeship and Training Program in Richfield, Ohio.  As previously mentioned, at the time of his indictment, he was employed as a millwright at the Norris Brothers Construction, Inc.  As a result of the hard work and dedication Mr. Happel has shown his employer, he has been rewarded with promotions, pay raises, and has been offered a job upon his release.

Mr. Happel came to the realization that he can become a viable member of society upon release from the penitentiary.   He worked diligently in order to rid himself of the effects of

illegal substances. He educated himself regarding the pitfalls of being involved with the ingestion of the same drugs. He worked long shifts in order to provide support for his family, however, he unfortunately succumbed to his addictions and finds himself regrettably before this court for effectively being involved in a one-time incident in the delivery of drugs.

This personal history and the circumstances surrounding Mr. Happel indicate that he succumbed to his depression, anxiety, debt, and addiction. Mr. Happel understands that his horrible decision has cost him precious time from his family and loved ones. He requests this court to consider his accomplishments and not allow this indiscretion to completely overshadow the years Mr. Happel spent as a productive member of society.

This court is required in determining the magnitude of the imposition of sentence to consider :

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

In an era where the federal laws have changed, to recognize offenders with no prior convictions, to invoke measures mitigating the sentence of individuals who find themselves in a position of Mr. Happel who has worked so hard to improve himself but yet finds himself in this position as a result of an error in judgment. Mr. Happel's overall involvement and the likelihood that he would be deterred from future criminal conduct is evident. It is obviously apparent that Mr. Happel has grown significantly since the start of this matter. He has made a terrible decision

in being involved even in a one-time transaction and is requesting that this court consider these factors in the imposition of sentencing in the hope that the court will see the redeeming qualities that he was able to exhibit prior to this matter. Mr. Happel exemplifies the type of individual that should be entitled to the safety valve considerations including the two level reduction.

Respectfully submitted,

/s/ Patrick M. Farrell
PATRICK M. FARRELL (0011362)
PATRICK M. FARRELL CO., L.P.A.
600 E. Granger Rd., Second Floor
Brooklyn Heights, Ohio 44131
Phone: 216-661-5050
Fax: 216-771-3387
pmf@patfarreelllaw.com

/s/John Gibbons
John Gibbons
55 Public Square
Suite 2100
Cleveland, OH 44113
216-363-6086 f-216-363-6075
jgibbons4@sbcglobal.net